JSG/cv                    Atty No:  6217488                    3118-139

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE TERRELL and ANDREW TERRELL | ) | FILED: APRIL 28, 2008 |
| | ) | 08CV2465 J. N. |
| Plaintiffs | ) | JUDGE GUZMAN |
| | ) | MAG. JUDGE KEYS |
| vs. | ) No. | |
| | ) | |
| PETER DIANGI, Individually and as Employee or | ) | JURY DEMAND |
| Agent of Silver Lake Country Club, Inc. and as | ) | |
| Police Officer of Orland Park, a municipal corp., | ) | |
| SILVER LAKE COUNTRY CLUB, INC. and | ) | |
| VILLAGE OF ORLAND PARK, a municipal corp. | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANTS' PETITION TO REMOVE TO FEDERAL COURT

NOW COME the defendants, PETER DIANGI and VILLAGE OF ORLAND PARK, by

and through their attorneys, LITCHFIELD CAVO, LLP., and pursuant to 28 U.S.C. §1446(a)-

(d), and in accordance with 28 U.S.C. §1441(a)-(b), brings forth a petition for removal of the

action formerly pending in the Circuit Court of Cook County, Illinois entitled *George Terrell*

*and Andrew Terrell vs. Peter Diangi, Individually and as Employee or Agent of Silver Lake*

*Country Club, Inc. and as police officer of Orland Park, a municipal corporation, Silver Lake*

*Country Club, Inc. and Village of Orland Park, a municipal corporation*,  07 L 002956 to the

United States District Court for the Northern District of Illinois, Eastern Division.  For their

petition, the defendants state as follows:

1.      On March 17, 2008, plaintiffs, George Terrell and Andrew Terrell, filed a

Complaint at Law against the defendants in the Circuit Court of Cook County, Illinois seeking

redress of alleged civil rights violations, battery and assaults. (A copy of the plaintiffs' Complaint at Law is attached hereto and incorporated herein as "Exhibit A".)

2.      The defendant, Officer Peter Diangi, was served with the plaintiff's Complaint on April 4, 2008.

3.      The co-defendant, Village of Orland Park, was served with the plaintiff's Complaint on April 4, 2008.

4.      Defendants' petition to remove is timely under 28 U.S.C. §1446(b).

5.      Counts IX and XVIII of plaintiffs' Complaint allege false arrest and excessive force.  Plaintiffs allege that defendant Diangi violated 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution, the plaintiffs' right to be free from unlawful searches and seizures and their right to be free from crucial and unusual punishment. (See "Exhibit A", Counts IX and XVIII.)

6.      Counts IX  and XVIII arise under the Constitution and laws of this United States and this Court has subject matter jurisdiction over it pursuant to 28 U.S.C. §1331.

7.      Other counts allege battery and false imprisonment and share with Count IX a "common nucleus of operative fact."  See *Banks v. Chicago Board of Education,* 895 F.Supp. 206, 208 (N.D., Ill., 1995) citing *United Mine Workers of America v. Gibb*, 383 U.S. 715, 725 (1966).  The claims asserted in other counts are so related to the Federal claim that they form part of the same case or controversy under Article III of the United States Constitution. Therefore, the Court has subject matter jurisdiction over these counts pursuant to 28 U.S.C. §1367(a).

8.    The County of Cook, Illinois is within the judicial district of the United States District Court for the Northern District of Illinois, Eastern Division. Thus, venue in this Court is proper under 28 U.S.C. §1441(a).

WHEREFORE, the defendants, PETER DIANGI and VILLAGE OF ORLAND PARK, respectfully petition this Court for removal of the action formerly pending in the Circuit Court of Cook County, Illinois entitled *George Terrell and Andrew Terrell vs. Peter Diangi, Individually and as Employee or Agent of Silver Lake Country Club, Inc. and as police officer of Orland Park, a municipal corporation, Silver Lake Country Club, Inc. and Village of Orland Park, a municipal corporation*,  07 L 002956 to the United States District Court for the Northern District of Illinois, Eastern Division.

LITCHFIELD CAVO, LLP.

By:/s/ Jeannine S. Gilleran
          Attorneys for the Defendants
          OFFICER PETER DIANGI and
          THE VILLAGE OF ORLAND
          PARK

Jeannine S. Gilleran
LITCHFIELD CAVO, LLP
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677
(312) 781-6630 (fax)

## **PROOF OF SERVICE**

I, Jeannine S. Gilleran, an attorney, being first duly sworn upon oath, deposes and states that I served the attached Notice to counsel of record herein, by e-filing/depositing a true and correct copy of same, First-Class Mail postage prepaid, in the U.S. Mail, located at 303 West Madison Street, Chicago, Illinois, at or before 5:00 P.M., on April 28, 2008.


/s/  Jeannine S. Gilleran


LITCHFIELD CAVO, LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

08CV2465 J. N.
JUDGE GUZMAN
MAG. JUDGE KEYS

#07-316  EMR/CRC (DLG)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANDREW TERRELL, and )
GEORGE TERRELL )
                )
      Plaintiffs, )
                )
-vs.-             )    No.
                )
PETER DIANGI, Individually and as Employee )
or Agent of Silver Lake Country Club, Inc., and as )   2008L002956
Police Officer of Orland Park, a Municipal )   CALENDAR/ROOM X
Corporation; )   TIME 00:00
SILVER LAKE COUNTRY CLUB, INC.; and )   PI Other
VILLAGE OF ORLAND PARK, a Municipal )
Corporation, )
                )
      Defendants. )

## COMPLAINT AT LAW

NOW COME the Plaintiffs, GEORGE TERRELL and ANDREW TERRELL, by and

through their attorneys, RUBIN, MACHADO & ROSENBLUM, LTD., and, complaining of the

Defendants, PETER DIANGI, Individually and as Employee or Agent of Silver Lake Country

Club, and as Police Officer of Orland Park; SILVER LAKES COUNTRY CLUB ("SILVER

LAKE"); and VILLAGE OF ORLAND PARK, a Municipal Corporation ("ORLAND PARK"),

states as follows:

### COMMON FACTUAL ALLEGATIONS

1.    At all times relevant herein, the Plaintiffs, ANDREW TERRELL and GEORGE

TERRELL were residents of the County of Cook and State of Illinois.

2.    At all times relevant herein, the Defendant, PETER DIANGI was a resident of

the County of Cook and State of Illinois.

RECEIVED
APR - 4 2008
CLERK'S OFFICE

CCMSI
APR 07 2008
LISLE



DEFENDANT'S
EXHIBIT
"A"

Page 7 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

3.     At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

4.     At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, ORLAND PARK, as a police officer.

5.     At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

6.     On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Marters Church in Evergreen Park.  Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

7.     The Defendant, PETER DIANGI, grabbed the Plaintiff, ANDREW TERRELL, by the arm.

8.     Prior grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, did not identify himself as a security guard or other employee of SILVER LAKE, nor did he identify himself as a police officer.

9.     Subsequent to grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, grabbed ANDREW TERRELL by the neck.  A melee ensued as wedding guests attempted to defend the Plaintiff, ANDREW TERRELL.

10.     At all relevant times, the Defendant, PETER DIANGI, was dressed in "plain clothes", and was not wearing a police uniform.

2

*CCMSI*

APR 0 7 2008

*LISLE*

Page 8 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

11.    As a result of the aforestated melee, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL, were arrested and charged with battery.

12.    The arrests of the Plaintiffs were made under false pretenses, given that the Defendant, PETER DIANGI, instigated the events leading to the aforesaid arrests.

13.    The Defendant, PETER DIANGI, engaged in conduct against the plaintiffs, which conduct included striking the plaintiffs, grabbing the plaintiffs, and spraying the plaintiffs with pepper spray.

## COUNT I -- BATTERY

### (Andrew Terrell v. Peter Diangi )

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiff' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

3

CCMSI

APR 0 7 2008

LISLE

## COUNT II – ASSAULT

### (Andrew Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

14.     The Defendants' conduct placed Plaintiff, ANDREW TERRELL in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT III – BATTERY

### (Andrew Terrell v. Silver Lake)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count III, as though fully set forth herein and incorporate the same by reference.

14.     The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15.     At all times relevant herein the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

4

CCMSI

APR 07 2008

LISLE

Page 10 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT IV – ASSAULT

### (Andrew Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

CCMSI

APR 0 7 2008

LISLE

Page 11 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT V – BATTERY

### (Andrew Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count V, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

17.    The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VI – ASSAULT

### (Andrew Terrell v. Orland Park)

CCMSI
APR 0 7 2008
LISLE

Page 12 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VII – WILLFUL & WANTON

### (Andrew Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI, knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, ANDREW TERRELL.  Moreover, OFFICER METELSKI engaged in willful and wanton conduct during

7

CCMSI

APR 07 2008

LISLE

Page 13 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

17.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VIII – WILLFUL & WANTON

### (Andrew Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VIII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was lawfully upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, ANDREW TERRELL.  Moreover, PETER DIANGI engaged in willful and wanton conduct

CCMSI
APR 07 2008
LISLE

Page 14 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

during said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

17.    As a result of the aforementioned conduct of the ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, VILLAGE of ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT IX – 42 U.S.C. §1983

### (Andrew Terrell)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count IX, as though fully set forth herein and incorporate the same by reference.

13.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

14.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law, and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, ANDREW TERRELL.

9

CCMSI

APR 07 2008

LISLE

Page 15 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

15.     The conduct engaged in by PETER DIANGI was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the Constitution.

16.     The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

    a.     The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

    b.     The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

17.     Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to PETER DIANGI regarding proper procedures to be used in apprehending a suspect, including the proper use of force.

18.     In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

19.     As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to that of PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

10

CCMSI

APR 0 7 2008

LISLE

Page 16 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

20.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendants, ORLAND PARK and PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT X --BATTERY

### (George Terrell v. Peter Diangi )

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count X, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

CCMSI

APR 07 2008

LISLE

Page 17 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

## COUNT XI – ASSAULT

### (George Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XI, as though fully set forth herein and incorporate the same by reference.

14.    The Defendants' conduct placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XII – BATTERY

### (George Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XII, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15.    At all times relevant herein the Defendant PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

12

CCMSI

APR 0 7 2008

LISLE

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XIII – ASSAULT

### (George Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XIII, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

13

CCMSI

APR 07 2008

LISLE

Page 19 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XIV – BATTERY

### (George Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XIV, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

17.    The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XV – ASSAULT

### (George Terrell v. Orland Park)

14

CCMSI

APR 0 7 2008

LISLE

Page 20 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XV, as though fully set forth herein and incorporate the same by reference.

14.　The conduct of Defendant, ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVI – WILLFUL & WANTON

### (George Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVI, as though fully set forth herein and incorporate the same by reference.

14.　Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

15.　At all times set forth in paragraphs 1 – 13, PETER DIANGI, knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

16.　At all times set forth in paragraphs 1 – 13, GEORGE TERRELL was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, GEORGE TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct during said

CCMSI
APR 07 2008
LISLE

Page 21 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

17.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVII – WILLFUL & WANTON

### (George Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was lawfully upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, GEORGE TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct

16

CCMSI

APR 0 7 2008

LISLE

Page 22 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

during said execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

17.    As a result of the aforementioned conduct of the ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, VILLAGE OF ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVIII – 42 U.S.C. §1983

### (George Terrell)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVIII, as though fully set forth herein and incorporate the same by reference.

13.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

14.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law, and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, GEORGE TERRELL.

CCMSI

APR 0 7 2008

LISLE

Page 23 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

15.    The conduct engaged in by GEORGE TERRELL was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the Constitution.

16.    The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

a.    The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

b.    The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

17.    Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to GEORGE TERRELL regarding proper procedures to be used in apprehending a suspect, including the proper use of force.

18.    In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

19.    As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to OF PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18

CCMSI

APR 0 7 2008

LISLE

Page 24 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

20.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendants, VILLAGE OF ORLAND PARK and PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

Respectfully submitted,

By: David L. Goldberg
RUBIN, MACHADO & ROSENBLUM LTD
Attorneys for Plaintiffs
ANDREW TERRELL and GEORGE TERRELL
120 West Madison Street, Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm Id. 37704

CCMSI

APR 0 7 2008

LISLE

19

Page 25 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

#07-316  EMR/CRC (DLG)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GEORGE TERRELL and ) 
ANDREW TERRELL, )
 )
              Plaintiffs, )
 )
-vs.- )    No.
 )
PETER DIANGI, Individually and as Employee )
or Agent of Silver Lake Country Club, Inc., and as )
Police Officer of Orland Park, a Municipal )
Corporation; )
SILVER LAKE COUNTRY CLUB, INC.; and )
VILLAGE OF ORLAND PARK, a Municipal )
Corporation, )
 )
              Defendants. )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above named plaintiff certifies

that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS

($50,000.00).

Respectfully submitted,

By: David L. Goldberg
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiffs
GEORGE TERRELL and
ANDREW TERRELL
120 W. Madison St., Suite 400
Chicago, Illinois  60602
(312) 327-1840
Firm No. 37704

CCMSI

APR 07 2008

LISLE

Page 26 of 26 Received on 4/11/2008 8:51:27 AM [US Mountain Standard Time]

| GEORGE TERRELL and ANDREW TERRELL | vs. | PETER DIANGI, Ind. & as Employee or Agent of Silver Lake Country Club, Inc. and as Police Officer of Orland Park, A Municipal corp., SILVER LAKE COUNTRY CLUB, INC. and VILLAGE OF ORLAND PARK, a Municipal Corp., |

### SERVICE LIST

1. PETER DIANGI
   c/o Village of Orland Park Police Dept.
   15100 S. Ravinia Avenue
   Orland Park, Ill. 60462

2. SILVER LAKE COUNTRY CLUB, INC.
   R/A: John W. Dubbs III
   222 N. LaSalle St., Suite 300
   Chicago, Ill. 60601

3. VILLAGE OF ORLAND PARK
   c/o Chief Executive or Authorized Agent
   14700 S. Ravinia Avenue
   Orland Park, Ill. 60462

CCMSI
APR 0 7 2008
LISLE